FILED IN CAMERA AND UNDER SEAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 29 2006

LUTHER D. THOMAS, Clerk
By: /s/ J. White
Deputy Clerk




IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DiAne CLARK, for herself and ex rel. THE UNITED STATES OF AMERICA, <br><br> Plaintiffs, <br><br> v. <br><br> CAREER EDUCATION CORPORATION, WESTERN CULINARY INSTITUTE, LTD. d/b/a LE CORDON BLEU COLLEGE OF CULINARY ARTS, <br><br> Defendants. | CIVIL ACTION FILE NO. _____ <br><br> 1:06-CV-0752-GET |

## COMPLAINT

COMES NOW DiAne Clark, for herself and as qui tam relator on behalf of the United States of America, and submits this Complaint against the above named Defendants on the following grounds:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 31 U.S.C. §§ 3730 and 3732 for Plaintiffs' cause of action pursuant to 31 U.S.C. § 3729.

2. Venue is proper in this judicial district and division, as Defendants conduct business in this judicial district and division.

3. This Complaint is filed in camera and under seal and may be served on the United States of America through service on the United States Attorney for the Northern District of Georgia and the United States Attorney General pursuant to Fed.R.Civ.Pro. Rule 4(d)(4).

## PARTIES

4. DiAne Clark ("Plaintiff Relator") is a resident of this judicial district who is entitled to bring actions of this type and nature. Relator brings this action as qui tam relator on behalf of the United States of America pursuant to 31 U.S.C. § 3730(b).

5. Upon information and belief, Defendant Career Education Corporation (hereinafter "CEC") is a foreign corporation. It is currently not in compliance with the registration requirements of the State of Georgia. Upon information and belief, CEC may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure through service on Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

6. Defendant Western Culinary Institute, Ltd. d/b/a Le Cordon Bleu College of Culinary Arts ("WCI") is a foreign corporation organized under the laws of the state of Delaware. WCI may be served with through its registered agent

for service of process, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## FACTUAL ALLEGATIONS

7. Plaintiff Relator was the Director of Financial Aid for WCI from May 27, 2003 up to and through her termination, December 17, 2004.

8. As the Director of Financial Aid for WCI, Plaintiff Relator's responsibilities included the following: strategic planning and coordination of financial aid, admissions, education, and student accounts departments for the overall student recruitment and retention; overseeing the overall administration of state and federal aid in accordance with applicable state and federal regulations; and management, training, and development of staff in areas of packaging, verifications, regulations, customer service, and personal development. In addition, Plaintiff Relator performed routine quality assurance audits, oversaw accurate student loan processing and receipt of funds, and was responsible for collections and financial reporting.

9. Beginning in July, 2004, Plaintiff Relator reported to WCI's Director of Financial Planning, Cherissa Drew.

10. On or about August 17, 2004 Loucynda White informed Plaintiff Relator that several students had received loan proceeds which exceeded the amount that they had specifically requested in their loan applications.

11. Ms. White contacted Melanie Childree, the representative for the lender (Sallie Mae), to inquire about the matter. The lender faxed over copies of the students' promissory notes. Each student had two promissory notes. One note reflected the loan amount which had been requested by the student and certified by Loucynda White. The other note showed a loan amount that had been written in by hand and was certified by Director of Financial Planning Cherissa Drew.

12. A loan application/promissory note to Sallie Mae is a legally binding contract. Pursuant to the Higher Education Act of 1965 ("HEA"), the amount of the requested loan proceeds is required to be written in by the students themselves. Personnel at WCI are not permitted to fill in the loan amounts for students, and doing constitutes a violation of the HEA.

13. Upon information and belief, Cherissa Drew was improperly completing loan applications for students in direct violation of the HEA. Specifically, under Ms. Drew's direction, guidance or control, loan amounts on numerous student applications were filled in for amounts which exceeded the loan proceeds that students had actually requested. This resulted in an overpayment of loan funds to WCI, which were improperly and unlawfully retained by WCI.

14. Upon information and belief, from August, 2004 forward Cherissa Drew

falsely certified a minimum of ten (10) students' loan applications. Plaintiff Relator reasonably believes that more students' loan applications were falsely certified under Ms. Drew's direction; however, counselors at WCI were reluctant to report this to Plaintiff Relator because they were job scared.

15. On August 18, 2004, Plaintiff Relator first reported Cherissa Drew's actions to the school President, Doug Cole, via e-mail. Plaintiff Relator did not receive a response. However, President Cole did forward a copy of the e-mail to Cherissa Drew.

16. From that point forward, President Cole and Cherissa Drew intentionally prevented Plaintiff Relator from receiving information and documents concerning financial aid applications and disbursements to students.

17. Prior to this time, loan disbursement rosters and records were faxed to the attention of Plaintiff Relator in the financial aid office. After Plaintiff Relator reported to President Cole that Cherissa Drew had falsely certified numerous students' loan applications, this stopped. Instead, loan disbursement rosters and records were redirected to a fax machine in WCI's mailroom/copy room.

18. When Plaintiff Relator asked to see the loan disbursement records, she was refused. This prevented Plaintiff Relator from verifying which funds

came into the school.

19. Plaintiff Relator repeatedly asked for loan disbursement records from Cherissa Drew; however, Ms. Drew refused to make them available to her. Plaintiff Relator complained to President Cole about this situation; however, he refused to take any action to address the situation.

20. Upon information and belief, President Cole and Cherissa Drew conspired to deliberately, willfully and knowingly conceal this improper and unlawful activity from Plaintiff Relator.

21. If WCI posts excess funds which were generated from a student's loan application by and through a fraudulent entry, when the loan goes into repayment, the student can state that he did not request the amount received. Under those circumstances, Sallie Mae requires WCI to return the loan funds, request a new application from the student, and submit an authentic promissory note from the student.

22. The Board of the Accrediting Commission of Career Schools and Colleges of Technology (ACCST) promulgates accreditation rules and regulations, including attendance standards and requirements, with which its members are required to comply.

23. Because WCI offered an accelerated AA program, there were strict attendance requirements. Specifically, any students who failed to attend

class on more than three (3) occasions were required to be dismissed from the program. Additionally, they were disqualified from receiving loan funds. Despite these mandatory attendance requirements, many students failed to meet them; however, the students were improperly retained on WCI's system.

24. During Plaintiff Relator's employment with WCI, numerous students failed to comply with the applicable attendance requirements.

25. When students failed to comply with the applicable attendance requirements, they were to be disqualified from the program for attendance deficiencies, and WCI was obligated to return the loan funds to Sallie Mae and various other lenders. However, this did not happen. Instead, WCI improperly and unlawfully retained loan funds from Sallie Mae and additional lenders for numerous students who were non-compliant. As a result, a minimum of $200,000.00 of loan proceeds were improperly retained by WCI.

26. Similarly, WCI improperly retained funds from various lenders for numerous students who did not actually report to their respective programs or cancelled their enrollment. WCI took receipt of loan funds for many such students and did not return those funds to the various lenders.

27. WCI improperly and falsely designated numerous students in an "active" status even though they were no longer participating in the program.

Numerous reports were created by WCI which falsely represented students' "Last Day of Attendance" (LDA). As a result, Defendants received loan proceeds for students who were not in the program and who were not attending any classes.

28. To that end, false attendance information was entered into WCI's computer system for many students. However, hard copy attendance forms were kept by the Registrar, Patricia Nagy. These hard copy attendance records confirm that many students were either not meeting attendance requirement or were not even participating in the program at all. When compared with records showing loan disbursements that were applied to the students' accounts, the records show that numerous students received Title IV funds for which they were not eligible.

29. By receiving and retaining loan proceeds to which Defendants and their students were not entitled, Defendants actively and knowingly committing a fraud against the Unites States government and the taxpayers who fund the United States Treasury.

30. Upon information and belief, receiving and retaining loan proceeds for students that were not actively enrolled or had left the program, a minimum of $200,000.00 was improperly and unlawfully retained by WCI.

31. Plaintiff Relator called the CEC hotline at 1-888-310-9568 to complain about the various violations of federal guidelines on lending issues on September 23, 2004 (Case No. 409232769). Specifically, Plaintiff Relator reported that she had obtained a disbursement roster from the ELM Network which showed thousand of dollars in loan funds that had been credited to accounts for numerous students who had never attended WCI. An e-mail was sent to Cherissa Drew with showing these amounts and the students to which they applied.

32. Several hours later, Cherissa Drew came to Plaintiff Relator and stated that she and Human Resources Director Jim Aller needed to meet with her immediately. Plaintiff Relator was told that a student named Tregaye Nesbitt had filed a complaint against her, and that her job was in jeopardy as a result. No details of the alleged student complaint were given to Plaintiff Relator.

33. Plaintiff Relator was instructed to go home and was told that she would be called at a later date to inform her when she could return to work.

34. When the Plaintiff Relator arrived home, she called the "Speak Up Hotline" and reported that Defendants were, inter alia, improperly and unlawfully submitting for and retaining loan funds as described in the preceding Paragraphs.

35. Plaintiff Relator was called on September 29, 2004 and was told to report to work that day. Plaintiff Relator inquired about the alleged complaint that was made against her by the student; however, no information was given to her about the alleged complaint.

36. Some time later, Latoria Ayers was working with Tregaye Nesbitt, the student who had supposedly complained about Plaintiff Relator, and Ms. Ayers happened to mention her name in their conversation. The student stated that she had never had any contact with Plaintiff Relator, nor had she ever made any complaint about Plaintiff Relator. Plaintiff Relator attempted to contact Cherissa Drew, President Cole and Human Resources Director Jim Aller about this; however, Plaintiff Relator was never contacted in return.

37. After Plaintiff Relator made her complaints to the hotline about the various violations of federal guidelines on lending issues, she was subjected to numerous acts of harassment by Cherissa Drew, President Cole and Jim Aller, including an unfavorable performance evaluation and selective enforcement of work rules.

38. Plaintiff Relator's complained about the various acts of harassment to Controller Rick Leveille; however, her complaints were ignored.

39. Plaintiff Relator was terminated by WCI on December 17, 2004 without any explanation.

## COUNT ONE: FALSE CLAIMS ACT

40. Paragraphs 1 – 39 are hereby incorporated by this reference.

41. Defendants have knowingly made, used, or caused to be made or used a record or statement containing false information in order to get a false or fraudulent claim paid or approved by the United States Government in violation of the False Clams Act, 31 U.S.C. § 3730.

42. Defendants' actions were made with actual knowledge of the falsity or in deliberate ignorance of the truth or falsity or in reckless disregard for the truth or falsity of the information which was submitted in support of the Defendants' false claims.

43. Upon information and belief, the government of the United States has been damaged in an amount in excess of $400,000 as a result of the actions of the Defendants herein.

## COUNT TWO: UNLAWFUL RETALIATON IN VIOLATION OF FALSE CLAIMS ACT

44. Paragraphs 1 - 43 are hereby incorporated by this reference.

45. Plaintiff Relator reported that Defendants were committing violations of federal guidelines on lending issues, including improperly and unlawfully submitting for and retaining loan funds.

46. After complaining of said violations, Plaintiff Relator was subjected to various acts of harassment by Cherissa Drew, President Cole and Jim Aller, including an unfavorable performance evaluation and selective enforcement of work rules. Plaintiff Relator's complained about the various acts of harassment to Controller Rick Leveille; however, her complaints were ignored.

47. Plaintiff Relator was terminated by WCI on December 17, 2004 without any explanation.

48. Plaintiff Relator was retaliated against and terminated for complaining about the improper and unlawful submission and retention of loan funds by Defendants in violation of the False Claims Act.

WHEREFORE, Plaintiffs request that they be afforded the following relief:

(a) Defendants each be assessed a civil penalty of not less than $5,000 nor more than $10,000 for each act committed in violation of the False Claims Act;

(b) Defendants each be held liable for the actual damages suffered by the United States government as a result of Defendants' violations of the False Claims Act;

(c)     Defendants each be assessed damages of three (3) times the amount of actual damages suffered by the United States government as a result of the Defendants' violations of the False Claims Act;

(d)     Plaintiff Relator be awarded not less than 25 percent nor more than 30 percent of any proceeds resulting from this action or any resulting settlement, pursuant to 31 U.S.C. § 3730(d);

(e)    Defendants each be assessed an additional sum sufficient to compensate Plaintiff Relator for all expenses of litigation incurred in this action, including reasonable attorney's fees;

(f)     Trial by jury; and

(g)     Any and all other relief as the Court deems just and proper.

Respectfully submitted this __29__ day of March, 2006.


                                                           /s/ Brad Dozier
                                                         A. Bradley Dozier, Jr.
                                                         Georgia Bar No. 228701
                                                         Mitchell D. Benjamin
                                                         Georgia Bar No. 049888

                                                         Counsel for Plaintiff Relator
                                                         DiAne Clark



JOHNSON & BENJAMIN LLP
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 949-5600    Telephone
(404) 841-5945    Facsimile